IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC.<br><br>    Plaintiffs,<br><br>v.<br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 21-1694-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED JOINT SCHEDULING ORDER**

This ___ day of _____, 2022, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u> The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and the disclosures required under Paragraph 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default Discovery Standard") within thirty (30) days of the date of this Order. The parties agree to meet and confer regarding the parameters for the production of ESI and file an ESI Order with the Court within thirty (30) days of the date of this Order. For the avoidance of doubt, the discovery deadlines set forth in paragraph 3.a below and the ESI Order will replace the Default Discovery Standard for this case.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **Friday, April 28, 2023**. In addition, the parties agree to the following deadlines for Amendment of the pleadings consistent with Finch's representations in paragraph 3.g.ii, below:

    a. On or before **Monday, March 7, 2022**, Finch will file an amended Answer and Counterclaims to add the Regents of the University of Minnesota ("UMN") as a Counterclaim Plaintiff and assert infringement of additional patents owned by UMN and exclusively licensed to Finch;

    b. Within **twenty-eight (28) days** of Finch submitting the filing described in paragraph 2.a, Ferring will move, answer, or otherwise respond to the Counterclaims.

3. <u>Discovery.</u>

    a. <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **Thursday, May 25, 2023**. In addition, the parties agree to the following discovery parameters, which, if applicable, supersede the deadlines set forth in paragraph 4 of the Default Discovery Standard.

        i. Defendants / Counterclaim Plaintiffs Finch Therapeutics Group, Inc., Finch Therapeutics, Inc., and Finch Therapeutics Holdings, LLC (collectively, "Finch") will produce the patents in suit and the file history for each of the patents in suit on **Friday, April 1, 2022**.

        ii. Plaintiffs / Counterclaim Defendants Ferring Pharmaceuticals Inc. and Rebiotix Inc. (collectively, "Ferring") will produce core technical documents, i.e. the Investigational New Drug ("IND"), Biologics License Application ("BLA") for REBYOTA (i.e.,

RBX2660), and any correspondence with the FDA pertaining to these submissions on **Monday, May 2, 2022**.

      iii.      Finch will produce its initial infringement contentions on **Wednesday, June 15, 2022**.

      iv.      Ferring will produce its initial invalidity contentions and the related invalidating references on **Friday, July 29, 2022**.

      v.      The parties will serve final infringement and invalidity contentions one (1) week after the close of fact discovery. To the extent the parties have served contention interrogatories seeking responses on infringement and invalidity, the parties will serve final responses to infringement and invalidity contentions four (4) weeks after receiving the opposing party's final contentions.

      b.      <u>Document Production.</u> Document production shall be substantially complete by **Tuesday, November 22, 2022**.

      c.      <u>Requests for Admission.</u> A maximum of **25** requests for admission are permitted for each side, excluding requests solely for authentication purposes.

      d.      <u>Interrogatories.</u> A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

      e.      <u>Depositions</u>.

      i.      <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of **85** hours of taking testimony by deposition upon oral examination, which includes any 30(b)(6) testimony. Depositions of a witness in the witness's personal capacity and taken in English will last no more than seven (7) hours absent written agreement of the parties or by order of the Court for good cause shown. Depositions that require an interpreter will last no more than

ten (10) hours absent written agreement of the parties or by order of the Court for good cause shown. Any deposition taken by a party will count for a minimum of four (4) hours towards that party's total number of hours for taking testimony by deposition upon oral examination.

          ii.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Other witnesses for either party or third-party witnesses are not required to appear for deposition in this district. The parties will negotiate in good faith regarding the location of depositions to minimize the inconvenience to the parties and the deponent(s).

          f.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to

understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      g.      <u>Miscellaneous Discovery Matters</u>.

           i.      The parties have agreed to a timetable for initial patent disclosures, which is set forth in paragraph 3.a of this Order.

           ii.      Currently, there are no other pending or completing litigations, including IPRs, involving one or more of the patents in suit. Ferring states that it does not intend to file one or more IPRs on the patents in suit. Finch states that it intends to amend its Counterclaims and Answer to bring in UMN as co-Counterclaim Plaintiff and assert infringement of additional patents owned by UMN and exclusively licensed to Finch.

           iii.      The parties will meet and confer at the following times to determine if the number of asserted claims and the asserted prior art may be narrowed:

           (1)      no later than thirty (30) days before exchange of proposed claim terms and constructions;

           (2)      no later than thirty (30) after the Court issues its claim construction opinion;

           (3)      no later than thirty (30) days after the exchange of final infringement and invalidity contentions;

      (4) no later than the earlier of (i) thirty (30) days after the close of expert discovery or (ii) thirty (30) days before the start of the pretrial order exchanges.

    iv. If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Finch shall provide the licenses and/or settlement agreements to Ferring by **Friday, April 15, 2022**, or (2) if Finch requires a Court Order to make such disclosures, Finch shall file any necessary proposed orders no later than twenty-four hours before the deadline set out in (1). All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

 4. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty-one (21) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

 Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

 5. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any

sealed document shall be filed electronically within seven days of the filing of the sealed document.

   6.  <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

   7.  <u>Claim Construction Issue Identification.</u> On or before **Wednesday, August 17, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **Wednesday, August 31, 2022**, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer no later than **Friday, September 2, 2022**, to prepare a Joint Claim Construction Chart to be filed no later than **Wednesday, September 7, 2022**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. The parties shall meet and confer to discuss any extrinsic evidence they intend to rely on no later than **Monday, September 12, 2022.** The parties shall identify any experts the parties intend to rely on in claim construction and the subject matter on which they will be opining on no later than **Friday, September 16, 2022**.

8. <u>Claim Construction Briefing.</u>[1] Finch shall serve, but not file, its opening brief, not to exceed 5,000 words, on **Thursday, October 6, 2022**. Ferring shall serve, but not file, its answering brief, not to exceed 7,500 words, on **Thursday, November 10, 2022**. Finch shall serve, but not file, its reply brief, not to exceed 5,000 words, on **Friday, December 16, 2022**. Ferring shall serve, but not file, its sur-reply brief, not to exceed 2,500 words, on **Tuesday, January 17, 2023**. No later than **Friday, January 20, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A. [TERM 1][2]

        1. Finch's Opening Position
        2. Ferring's Answering Position
        3. Finch's Reply Position
        4. Ferring's Sur-Reply Position

    B. [TERM 2]

        1. Finch's Opening Position

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

      2.      Ferring's Answering Position
      3.      Finch's Reply Position
      4.      Ferring's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      9.      <u>Hearing on Claim Construction.</u> Beginning at _____ on **[the parties suggest mid/late February 2023],** the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for argument.

      10.      <u>Disclosure of Expert Testimony</u>.

      a.      <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, as well as for Plaintiffs' position on secondary considerations, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **Friday, July 14, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **Friday, August 25, 2023**. Reply expert reports from the party with the initial burden of proof are due on or before **Friday, September 22, 2023**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules related to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the

9

offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **November 3, 2023**.

        b.        <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11.    <u>Case Dispositive Motions.</u> All case dispositive motions shall be served and filed on or before **Friday, December 8, 2023**. All opposition briefs shall be served and filed on or before **Tuesday, January 9, 2024**. All reply briefs shall be served and filed on or before **Wednesday, January 24, 2024**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent and order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all its Daubert and case dispositive motions.

12.    <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.     <u>Pretrial Conference.</u> On _____, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at _____. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14.     <u>Motions *in Limine.*</u> Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filing in one filing separate from the motion *in limine*. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that

makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

      16.     <u>Trial.</u> This matter is scheduled for a 5-day jury trial beginning at _____ on **[the parties suggest April 2024, subject to the Court's availability]**, with the subsequent trial days beginning at _____ a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

      17.     <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
THE HONORABLE RICHARD G. ANDREWS