IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC.<br><br>Plaintiffs,<br><br>v.<br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC.<br><br>Defendants.<br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and REGENTS OF THE UNIVERSITY OF MINNESOTA<br><br>Counterclaim-Plaintiffs/Reply Defendants,<br><br>v.<br><br>FERRING PHARMACEUTICALS INC., and REBIOTIX, INC.<br><br>Counterclaim-Defendants/Reply Plaintiffs. | C.A. No. 21-1694-RGA |

**FERRING'S MOTIONS FOR SUMMARY JUDGMENT**

As allowed by the scheduling order in this case, Plaintiffs / Counterclaim Defendants Ferring Pharmaceuticals Inc. ("FPI") and Rebiotix, Inc. ("Rebiotix") (collectively with FPI, "Ferring"), by and through their attorneys, hereby move this Court under to Federal Rule of Civil Procedure 56 to enter judgment as a matter of law in its favor and against Defendants / Counterclaim Plaintiffs Finch Therapeutics Group, Inc., Finch Therapeutics, Inc., and Finch

Therapeutics Holdings, LLC (collectively, "Finch") and Counterclaim Plaintiff / Reply Defendant the Regents of the University of Minnesota ("UMN") (collectively with Finch, "Finch/UMN") on the following grounds:

1. Partial summary judgment that Finch/UMN has failed as a matter of law to show copying of claim 11 of United States Patent Number 10,463,702 ("the '702 patent"), claims 16 and 21 of United States Patent Number 10,675,309 ("the '309 patent"), claims 4, 8, and 14 of United States Patent Number 11,491,193 ("the '193 patent"), claims 2, 5, and 9 of United States Patent Number 11,541,080 ("the '080 patent"), claims 7, 18, and 23 of United States Patent Number 10,251,914 ("the '914 patent"), and claims 7, 9, and 12 of United States Patent Number 10,286,012 ("the '012 patent"), either as a secondary consideration of non-obviousness or in support of willful or induced infringement and partial summary judgment of no willful infringement;

2. Summary judgment that all asserted claims of the UMN patents (claims 7, 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent) are invalid under 35 U.S.C. §112 as indefinite because the Markush group of "at least 6 different classes of bacteria selected from the group consisting of Actinobacteria, Bacteroidia, Bacilli, Clostridia, Erysipelotrichi, Alphaproteobacteria, Betaproteobacteria, Gammaproteobacteria, Mollicutes, and Verrucomicrobiae" ("the Markush group limitation") is improper and fails to define the scope of the claims;

3. Summary judgment that all asserted claims of the UMN patents (claims 7, 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent) are invalid under 35 U.S.C. § 112 for lack of written description support, specifically for the Markush group limitation and the required changes in certain phyla of bacteria after administration (claims 7, 18, and 23 of the

'914 patent—"wherein the relative abundance of one or more members of the phylum Proteobacteria is reduced by at least 10% following administration of said pharmaceutical composition"; claims 7, 9, and 12 of the '012 patent—"wherein the administering increases the relative abundance of total members of the phylum Firmicutes by at least 20% compared to before said administering");

4. Summary judgment that Finch/UMN is barred from asserting that REBYOTA meets the particle size limitations in all asserted claims of the UMN patents (claims 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent— "no particle having a size of greater than 0.5 mm"; claim 7 of the '914 patent—"capable of passing through a 0.5 mm sieve" (collectively, "the particle size limitations")) under the doctrine of equivalents and that Finch/UMN cannot demonstrate literal infringement of the particle size limitations;

5. Summary judgment that all asserted claims of the UMN patents (claims 7, 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent) are invalid under 35 U.S.C. § 112 for lack of written description support because the "extract" terms, as construed ("a substance obtained from a material, mixture, organism, or part of an organism by some chemical and/or physical process" (D.I. 145 at 2)), are not supported by the disclosures in the UMN patents' specification, or, in the alternative, that the Court modify its claim construction of these terms to maintain their validity;

6. Summary judgment that Ferring does not infringe any asserted claims of the '702, '309, or '193 patents (claim 11 of the '702 patent, claims 16 and 21 of the '309 patent, and claims 4, 8, and 14 of the '193 patent) because REBYOTA is not approved for treating CDI;

7.  Summary judgment that asserted claim 11 of the '702 patent is invalid under 35 U.S.C. § 112 because the term "substantially entire microbiota" is indefinite and fails to define the scope of the claim; and

8.  Summary judgment that all asserted claims of the Borody patents (claim 11 of the '702 patent, claims 16 and 21 of the '309 patent, claims 4, 8, and 14 of the '193 patent, and claims 2, 5, and 9 of the '080 patent) are unpatentable under 35 U.S.C. § 101.

The grounds for these motions (as well as Ferring's *Daubert* motion) are fully set forth in the accompanying opening brief.

Dated: December 8, 2023

*Of Counsel:*

Joshua P. Davis
WOMBLE BOND DICKINSON (US) LLP
811 Main Street
Suite 3130
Houston, TX 77002
Telephone: (346) 998-7801

Christian E. Mammen
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 765-6267
Chris.Mammen@wbd-us.com

Daralyn J. Durie
Matthew Chivvis
Rachel Dolphin
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415-268-6055
ddurie@mofo.com
mchivvis@mofo.com
rdophin@mofo.com

WOMBLE BOND DICKINSON (US) LLP

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
Daniel M. Attaway (#5130)
Zachary Murphy (#6881)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Mary.Bourke@wbd-us.com
Dana.Severance@wbd-us.com
Daniel.Attaway@wbd-us.com
Zachary.Murphy@wbd-us.com

John B. Bourke (#6534)
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 765-6267
Ben.Bourke@wbd-us.com

*Attorneys for Ferring Pharmaceuticals Inc. and Rebiotix Inc.*

Sara Doudar
MORRISON & FOERSTER LLP
701 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: 213-892-4345
sdoudar@mofo.com

Evelyn Li-Jin Chang
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-813-4033
evelynchang@mofo.com