# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC. <br><br> Plaintiffs, <br><br> v. <br><br> FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 21-1694-RGA |
| FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and REGENTS OF THE UNIVERSITY OF MINNESOTA <br><br> Counterclaim-Plaintiffs/Reply Defendants, <br><br> v. <br><br> FERRING PHARMACEUTICALS INC., and REBIOTIX, INC. <br><br> Counterclaim-Defendants/Reply Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## [PROPOSED] ORDER

Having considered Plaintiffs / Counterclaim Defendants Ferring Pharmaceuticals Inc. and Rebiotix, Inc.'s (collectively, "Ferring") Motions for Summary Judgment, the response from Defendants / Counterclaim Plaintiffs Finch Therapeutics Group, Inc., Finch Therapeutics, Inc., and Finch Therapeutics Holdings, LLC (collectively, "Finch") and Counterclaim Plaintiff / Reply Defendant the Regents of the University of Minnesota ("UMN") (collectively with Finch, "Finch/UMN"), and the reply to the response; good cause having been shown,

IT IS HEREBY ORDERED this ___ day of _____ 202___, that

1. Ferring's motion for partial summary judgment of no copying of claim 11 of United States Patent Number 10,463,702 ("the '702 patent"), claims 16 and 21 of United States Patent Number 10,675,309 ("the '309 patent"), claims 4, 8, and 14 of United States Patent Number 11,491,193 ("the '193 patent"), claims 2, 5, and 9 of United States Patent Number 11,541,080 ("the '080 patent"), claims 7, 18, and 23 of United States Patent Number 10,251,914 ("the '914 patent"), and claims 7, 9, and 12 of United States Patent Number 10,286,012 ("the '012 patent") is **GRANTED**. Finch/UMN may not rely on copying as a secondary consideration and may not rely on copying at trial to prove inducement or willfulness. Further, Ferring's motion for partial summary judgment of no willful infringement is **GRANTED**.

2. Ferring's motion for summary judgment that claims 7, 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent are invalid under 35 U.S.C. §112 as indefinite because the Markush group of "at least 6 different classes of bacteria selected from the group consisting of Actinobacteria, Bacteroidia, Bacilli, Clostridia, Erysipelotrichi, Alphaproteobacteria, Betaproteobacteria, Gammaproteobacteria, Mollicutes, and Verrucomicrobiae" ("the Markush group limitation") is improper and fails to define the scope of the claims is **GRANTED**.

3. Ferring's motion for summary judgment that claims 7, 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent are invalid under 35 U.S.C. § 112 for lack of written description support, specifically for the Markush group limitation and the required changes in certain phyla of bacteria after administration the required changes in certain phyla of bacteria after administration (claims 7, 18, and 23 of the '914 patent—"wherein the relative abundance of one or more members of the phylum Proteobacteria is reduced by at least 10% following administration of said pharmaceutical composition"; claims 7, 9, and 12 of the '012 patent—"wherein the administering increases the relative abundance of total members of the phylum Firmicutes by at least 20% compared to before said administering") is **GRANTED**.

4. Ferring's motion for summary judgment that Finch/UMN is barred from asserting that REBYOTA meets the particle size limitations in all asserted claims of the UMN patents (claims 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent— "no particle having a size of greater than 0.5 mm"; claim 7 of the '914 patent—"capable of passing through a 0.5 mm sieve" (collectively, "the particle size limitations")) under the doctrine of equivalents and that Finch/UMN cannot demonstrate literal infringement of the particle size limitations is **GRANTED**.

5. Ferring's motion for summary judgment that (claims 7, 18, and 23 of the '914 patent and claims 7, 9, and 12 of the '012 patent are invalid under 35 U.S.C. § 112 for lack of written description support because the "extract" terms, as construed ("a substance obtained from a material, mixture, organism, or part of an organism by some chemical and/or physical process" (D.I. 145 at 2)), is not supported by the disclosures in the UMN patents' specification is **GRANTED**.

6. Ferring's motion for summary judgment that Ferring does not infringe claim 11 of the '702 patent, claims 16 and 21 of the '309 patent, and claims 4, 8, and 14 of the '193 patent because REBYOTA is not approved for treating CDI is **GRANTED**.

7. Ferring's motion for summary judgment that asserted claim 11 of the '702 Patent is invalid under 35 U.S.C. § 112 because "substantially entire microbiota" is indefinite and fails to define the scope of the claim is **GRANTED**.

8. Ferring's motion for summary judgment that claim 11 of the '702 patent, claims 16 and 21 of the '309 patent, claims 4, 8, and 14 of the '193 patent, and claims 2, 5, and 9 of the '080 patent are unpatentable under 35 U.S.C. § 101 is **GRANTED**.

                                                                               Honorable Richard G. Andrews