IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC. and REBIOTIX INC., <br><br> Plaintiffs, <br><br> v. <br><br> FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC, <br><br> Defendants. | |
| FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and THE REGENTS OF THE UNIVERSITY OF MINNESOTA, <br><br> Counterclaim Plaintiffs/Reply Defendants, <br><br> v. <br><br> FERRING PHARMACEUTICALS INC. and REBIOTIX INC., <br><br> Counterclaim Defendants/Reply Plaintiffs. | C. A. No. 21-1694-JLH |

**ORDER AFTER PRETRIAL CONFERENCE**

Now, this 31st day of July, 2024, upon consideration of the parties' Proposed Final Pretrial Order (D.I. 376, 377) and for the reasons extensively discussed at the Pretrial Conference held on July 23, 2024 ("Tr. __"), IT IS HEREBY ORDERED that:

1. The Proposed Final Pretrial Order (D.I. 376, 377) will be ADOPTED as modified by this order and any discussions at the July 23, 2024 Pretrial Conference, which the parties are expected to incorporate into a revised pretrial order that must be filed by August 1, 2024. The

parties should consult the transcript of the Pretrial Conference for a full understanding of the Court's rulings.

2.  The parties agreed that the Court may defer ruling on Ferring's Motion for Leave to File First Amended Reply and Counterclaims in Reply (D.I. 316) until after the completion of the jury trial. The parties shall meet and confer after the trial and set forth their position(s) on how the Court should proceed in the post-trial Joint Status Report. (*See* D.I. 376 ¶ 95.)

3.  Ferring's first and third motions *in limine* ("MILs") were resolved by the parties prior to the pretrial conference. The remaining MILs were discussed at the pretrial conference. Finch's first MIL (D.I. 377, Ex. 17.1), Finch's second MIL (*id.*, Ex. 17.2), Finch's third MIL (*id.*, Ex. 17.3), Finch's fourth MIL (*id.*, Ex. 17.4), Ferring's second MIL (*id.*, Ex. 18.2), and Ferring's fourth MIL (*id.*, Ex. 18.4) were GRANTED-IN-PART and DENIED-IN-PART. The parties will be held to their representations made at the pretrial conference, and the parties should consult the transcript for a full understanding of the Court's rulings.

4.  Finch's fifth MIL (*id.*, Ex. 17.5), Ferring's fifth MIL (*id.*, Ex. 18.5), Ferring's July 26, 2024 letters (D.I. 401, 404), Finch's July 26, 2024 letter (D.I. 402), Finch's July 29, 2024 letters (D.I. 414, 415), Ferring's July 29, 2024 letters (D.I. 417, 418), Ferring's July 30, 2024 letter (D.I. 425), and Finch's July 31, 2024 letter (D.I. 431) all relate to the documents and testimony of Dr. Borody, a named inventor of the asserted Finch patents. To say that the Court is troubled by the occurrences to date would be an extreme understatement. **The parties shall appear in person with Dr. Borody in Courtroom 6D at 4:00 p.m. on July 31, 2024.** Topics for discussion, testimony from Dr. Borody, and/or questioning by the Court may include, but are not limited to, (i) why Ferring didn't tell the Court at the pretrial conference that it had a "consulting" agreement with Dr. Borody, especially in light of the fact that, at the pretrial conference, Ferring requested

2

sanctions to cure alleged prejudice arising from the cancellation of Dr. Borody's deposition in 2023; (ii) why Ferring didn't produce its June 4, 2024 consulting agreement with Dr. Borody and his July 10, 2024 declaration until July 25 or 26 (after the pretrial conference); (iii) whether Ferring can support the reasonableness of compensating Dr. Borody AU $30,000 per day plus travel expenses for his service as a fact witness; (iv) whether Dr. Borody is receiving any other compensation from Ferring, regardless of whether it relates to his service as a fact witness, and whether Ferring has produced all of its communications with Dr. Borody or his attorney(s); (v) the topics on which Ferring seeks to have Dr. Borody testify and whether any of those topics constitute impermissible expert testimony from a fact witness; (vi) Finch's involvement in the cancellation of Dr. Borody's deposition in 2023; (vii) whether, notwithstanding the fact that Finch never moved for summary judgment on the issue of ownership of the Finch patents, the Court should exercise its discretion under these unusual circumstances to require Ferring to proffer Dr. Borody's testimony to the Court before it may be presented to the jury; (viii) the relevance and admissibility of TX-3453, TX-3581, and any other document Ferring seeks to introduce through Dr. Borody; and (ix) why an alleged failure to pay full consideration under a patent assignment agreement results in a written assignment made pursuant to that agreement being "void" (D.I. 209 at 16) or otherwise invalid.

5. The Court has reviewed the parties' letters regarding whether the issue of patent ownership should be tried to the jury. (D.I. 403, 404.) Consistent with the Court's previous ruling (D.I. 341 (citing *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020)), the issue of ownership of the Finch patents shall be tried to the jury (subject to any rulings from the Court regarding the admissibility of testimony and exhibits). Finch's ownership of the patents is required to establish its infringement claims and no one disputes that those claims

are appropriately tried to the jury. Finch argues that the patent assignment and transaction documents are unambiguous contracts, and it points out that the interpretation of an unambiguous contract is an issue of law for the Court. That may be true, but Finch did not move for summary judgment on issues relating to patent ownership. Any disputes regarding the interpretation of an unambiguous contract can be addressed through appropriate jury instructions.

6.  Finch's request to amend its Initial Disclosures to add Ms. Susan Graf as a witness (D.I. 363) was GRANTED. The parties should consult the transcript of the hearing for a full understanding of the ruling. Should Finch seek to present Ms. Graf's testimony at trial, (i) she must appear in Delaware for an in-person deposition on or before Friday, August 2, 2024, or as soon thereafter as Ferring request her to appear, (ii) Finch must produce "board materials" (Tr. 84) associated with Ms. Graf's time on the board regardless of whether they were created after December 21, 2021, and (iii) Ms. Graf must comply with Ferring's subpoena. Any remaining disputes pertaining to Ms. Graf's testimony will be heard at the hearing on July 31, 2024.

7.  The parties agree that Ferring's equitable estoppel defense should be decided by the Court. (D.I. 376 at 24–25.) Evidence on Ferring's equitable estoppel defense that is not relevant to issues to be decided by the jury will be presented to the Court in the evening after the jury has been dismissed for the day. Time used to present evidence in the evening will be deducted from the parties' trial time.

8.  By 7:00 p.m. on August 2, 2024, the parties shall resubmit joint revised versions of their proposed final jury instructions and verdict form that (i) conform to the Court's preliminary jury instructions, (ii) conform to the claims/defenses still remaining in the case, and (iii) identify only those disputes that remain. The Court expects to hold a charge conference after the close of testimony on August 6, 7, or 8. Unless otherwise ordered, Finch is responsible for the preparation

and revising of the jury instructions and verdict form that will be given to the jury. The Court expects to give the bulk of the jury instructions before the closing arguments are made.

9. The parties should coordinate with the Courtroom Deputy regarding logistics for lunch for the jurors. Any other trial logistics should also be coordinated through the Courtroom Deputy.

10. A jury trial will begin with jury selection and preliminary jury instructions by a Magistrate Judge on August 2, 2024. Opening statements will begin on August 5, 2024, at 9:00 a.m. Each party should be prepared to present its case until at least 5:00 p.m. of each trial day. Trial counsel must be present and ready to proceed at 8:30 a.m. on August 2, 2024, and on each and every day of trial thereafter.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE