**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC. <br><br> Plaintiffs, <br><br> v. <br><br> FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC. <br><br> Defendants. <br><br> FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and THE REGENTS OF THE UNIVERSITY OF MINNESOTA <br><br> Counterclaim-Plaintiffs/Reply Defendants, <br><br> v. <br><br> FERRING PHARMACEUTICALS INC., and REBIOTIX, INC. <br><br> Counterclaim-Defendants/Reply Plaintiffs. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 21-1694-JLH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **VERDICT FORM**

In answering the following questions and completing this Verdict Form, you are to follow all the instructions I have given you in the Court's Final Jury Instructions. Your answers to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

1

As used herein, the following terms have the following meanings:

- "UMN/Finch" refer to the parties that are asserting infringement.
- "Ferring" refers to both Ferring and Rebiotix, the parties that are accused of infringement.
- The "'309 Patent" refers to U.S. Patent No. 10,675,309.
- The "'080 Patent" refers to U.S. Patent No. 11,541,080.
- The "'914 Patent" refers to U.S. Patent No. 10,251,914.
- The "Asserted Claims" refers collectively to:
    - Claims 16 and 21 of the '309 Patent;
    - Claims 2 and 9 of the '080 Patent;
    - Claim 7 of the '914 Patent;

I.      **FINDINGS OF INFRINGEMENT**

**Question 1.** Do you find that UMN/Finch has proven by a preponderance of the evidence that Ferring literally infringed the following claims of the following patents?[1]

**Check "Yes" (for UMN/Finch) or "No" (for Ferring) for each claim.**

| | |
|---|---|
| '914 Patent: Claim 7 | _____ Yes   _____ No |
| '309 Patent: Claim 16 | _____ Yes   _____ No |
| '309 Patent: Claim 21 | _____ Yes   _____ No |
| '080 Patent: Claim 2 | _____ Yes   _____ No |
| '080 Patent: Claim 9 | _____ Yes   _____ No |

---

[1] **Ferring:** Ferring objects to UMN/Finch's proposal, which lumps together direct infringement, induced infringement, and contributory infringement. UMN/Finch do not allege induced or contributory infringement for every asserted claims. This approach is misleading to the jury and is likely to cause them to conflate the different types of infringement for which there are different standards of proof required. For example, induced infringement requires both direct infringement and that the accused's actions led to that infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 843 F.3d 1315, 1329-1335 (Fed. Cir. 2016). **UMN/Finch:** UMN/Finch object to Ferring's proposal of breaking out the question of infringement into three separate questions for "direct" infringement and whether Ferring "induced" or "contributed to" infringement. This will be confusing for the jury and the jury will already be instructed as to the requirements for direct, induced, and contributory infringement in the jury instructions. This question should be a single question as stated above, as Ferring has done for validity.

**Question 2.** Do you find that UMN/Finch has proven by a preponderance of the evidence that Ferring infringed under the doctrine of equivalence any of the following claims of the following patents?[2]

**Check "Yes" (for UMN/Finch) or "No" (for Ferring) for each claim.**

| '914 Patent: Claim 7 | _____ Yes _____ No |
|---|---|
| '309 Patent: Claim 16 | _____ Yes _____ No |
| '309 Patent: Claim 21 | _____ Yes _____ No |
| '080 Patent: Claim 2 | _____ Yes _____ No |
| '080 Patent: Claim 9 | _____ Yes _____ No |

---

[2] **UMN/FINCH**: Consistent with the Court's July 30, 2024 Order, Finch has included this special interrogatory directed to infringement under the doctrine of equivalents. *See* D.I. 421 at 3 n.1. UMN/Finch allege, and will present evidence, that every asserted claim infringes under the doctrine of equivalents. **Ferring:** The verdict form should include only claims for which UMN/Finch present evidence at trial are infringed under the doctrine of equivalents.

## II.  WILLFUL INFRINGEMENT

**Answer Question 3 <u>only</u> if you have found at least one Asserted Claim infringed by Ferring.**[3]

**Question 3.**  Do you find that UMN/Finch has proven by a preponderance of the evidence that the infringement by Ferring was willful?

**Check "Yes" (for UMN/Finch) or "No" (for Ferring).**

___ Yes (for Finch/UMN)   ___ No (for Ferring)

---

[3]  **Ferring**: Ferring objects to where this question appears on the verdict form. Having the question appear before the question of invalidity introduces unnecessary prejudice. The question is also confusing and could be clarified by changing it to reference question 2. . **UMN/Finch:** Where this question appears on the verdict form is proper and least likely to be confusing for the jury. The question of willful infringement concerns findings of infringement, and as such, should follow immediately after the questions on infringement, rather than questions on validity.

5

## III. FINDINGS ON VALIDITY

**Question 4.** Do you find that Ferring has proven by clear and convincing evidence that the following claims of the following patents are invalid?

**Check "Yes" (for Ferring) or "No" (for UMN/Finch) for each claim.**

| | |
|---|---|
| **'914 Patent: Claim 7** | _____ Yes _____ No |
| **'309 Patent: Claim 16** | _____ Yes _____ No |
| **'309 Patent: Claim 21** | _____ Yes _____ No |
| **'080 Patent: Claim 2** | _____ Yes _____ No |
| **'080 Patent: Claim 9** | _____ Yes _____ No |

## IV.     DAMAGES

**Answer the following questions only if you have found at least one Asserted Claim infringed AND not invalid.[4]**

**Question 5.**    What dollar amount do you determine to be a reasonable royalty to compensate UMN/Finch for Ferring's infringement, through the date of trial?

$ _____

---

[4] **Ferring**: Ferring objects to this question because it conflates the upfront payment and royalty rate and is likely to mislead the jury into considering only one over the other. The question is also confusing as the jury may not understand what it means for at least one Asserted Claim to be infringed and not invalid. Instead, the instruction should reference the previous questions. **UMN/Finch:** Ferring's objection improperly suggests that an "upfront payment," which is part of UMN/Finch's damages claim, is not part of a "reasonable royalty." *See* PTX-621.0006–0009; *see, e.g.*, *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 152 (D.R.I. 2009) ("If liability is found, the jury will decide whether the evidence supports a lump-sum or running royalty or some combination thereof"). Ferring's suggestion that the instruction reference the previous question numbers, rather than the substance of those questions (infringement and validity) is likely to be confusing for the jury.

7

## **FINAL PAGE OF JURY VERDICT FORM**

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Foreperson should then sign and date the verdict form in the spaces below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.


Dated: August ___, 2024                    By: _____
                                                          Foreperson

RLF1 31225503v.1