## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC. <br><br>Plaintiffs, <br><br>v. <br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC. <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 21-1694-JLH ) ) |
| FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and THE REGENTS OF THE UNIVERSITY OF MINNESOTA <br><br>Counterclaim-Plaintiffs/Reply Defendants, <br><br>v. <br><br>FERRING PHARMACEUTICALS INC., and REBIOTIX, INC. <br><br>Counterclaim-Defendants/Reply Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **VERDICT FORM**

In answering the following questions and completing this Verdict Form, please follow all the directions provided and follow the instructions I have given you in the Court's Final Jury Instructions. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. Please refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

1

## I.    FINDINGS OF INFRINGEMENT

**Question 1.**  Did Finch[1] prove by a preponderance of the evidence that Ferring literally[2] infringed any of the following Asserted Claims[3]?

**Check "Yes" (for Finch) or "No" (for Ferring) for each claim.**

|  |  | YES | NO |
|---|---|---|---|
| '309 Patent | Claim 16 |  |  |
|  | Claim 21 |  |  |
| '080 Patent | Claim 2 |  |  |
|  | Claim 9 |  |  |

---

[1]  **UMN/Finch:** UMN/Finch object to Ferring's use of only the party "Finch" in all questions. The counterclaim-plaintiffs in this case are both Finch and UMN.  Any reference to "Finch" should be changed to "UMN/Finch" throughout.  **Ferring:**  Ferring does not object to using "UMN/Finch" but notes that UMN/Finch's position on party references has been a moving target throughout this process.

[2]  **Ferring**:  A question regarding the doctrine of equivalents should only be included to the extent that UMN/Finch actually present evidence that any of the asserted claims of the Borody patents are infringed under the doctrine of equivalents.  Further, the Court's July 30, 2024, Order, instructed the parties to consider a separate interrogatory directed to infringement under the doctrine of equivalents.  *See* D.I. 421 at 3 n.1.  UMN/Finch appear to agree that this is a prudent approach.

[3]  **Ferring**:  Ferring incorporates its response to footnote 2.

**Question 2.** Did Finch prove by a preponderance of the evidence that there was an underlying direct infringement of the following Asserted Claim?[4]

**Check "Yes" (for Finch) or "No" (for Ferring) for each claim.**

|  |  | YES | NO |
|---|---|---|---|
| '914 Patent | Claim 7 |  |  |

---

[4] **UMN/Finch**: UMN/Finch object to Ferring breaking out the question of infringement of the UMN patent, in Ferring's proposed questions 2, 3, and 4, into three separate questions for "direct" infringement and whether Ferring "induced" or "contributed to" infringement. This will be confusing for the jury and the jury will already be instructed as to the requirements for direct, induced, and contributory infringement in the jury instructions. Instead, there should be a single question each regarding literal infringement and infringement under the doctrine of equivalents of the UMN patent. **Ferring**: Distinguishing the different types of infringement is necessary because UMN/Finch do not allege induced or contributory infringement for every asserted claim. This approach clarifies Finch/UMN's claims for the jury and prevents the jury from conflating the different types of infringement for which there are different standards of proof required. For example, induced infringement requires both direct infringement and that the accused's actions led to that infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 843 F.3d 1315, 1329-1335 (Fed. Cir. 2016).

**Question 3.** Did Finch prove by a preponderance of the evidence that Ferring induced literal[5] infringement of the following Asserted Claim?[6]

*Note*: Only select an answer for the claims to which you selected "Yes" on Question 3, if any.

**Check "Yes" (for Finch) or "No" (for Ferring) for each claim.**

|  |  | YES | NO |
|---|---|---|---|
| '914 Patent | Claim 7 |  |  |

---

[5] **UMN/Finch:** Ferring improperly limits the question of infringement to "literal" infringement. UMN/Finch also assert infringement under the doctrine of equivalents.  **Ferring**:  The verdict form should include only claims for which UMN/Finch present evidence at trial are infringed under the doctrine of equivalents.  Ferring has included a separate question on the doctrine of equivalents below.

[6] **UMN/Finch:** Same objection and proposal as in Footnote 5.  **Ferring**:  Ferring incorporates its response to footnote 6.

**Question 4.** Did Finch prove by a preponderance of the evidence that Ferring contributed to literal[7] infringement of the following Asserted Claim?[8]

*Note*: Only select an answer for the claims to which you selected "Yes" on Question 3, if any.

**Check "Yes" (for Finch) or "No" (for Ferring) for each claim.**

|  |  | YES | NO |
|---|---|---|---|
| '914 Patent | Claim 7 |  |  |

---

[7] **UMN/Finch:** Same objection and proposal as in Footnote 5.  **Ferring:**  Ferring incorporates its response to footnote 7.

[8] **UMN/Finch:** Same objection and proposal as in Footnote 5.  **Ferring:**  Ferring incorporates its response to footnote 6.

**Question 5.**  Did Finch prove by a preponderance of the evidence that Ferring infringed any of the following Asserted Claims under the doctrine of equivalence?[9]

**Check "Yes" (for Finch) or "No" (for Ferring) for each claim.**

|  |  | **YES** | **NO** |
|---|---|---|---|
| '309 Patent | Claim 16 |  |  |
|  | Claim 21 |  |  |
| '080 Patent | Claim 2 |  |  |
|  | Claim 9 |  |  |
| '914 Patent | Claim 7 |  |  |

---

[9] **Ferring's position:**  A question regarding the doctrine of equivalents should only be included only for the claims that UMN/Finch actually present are infringed under the doctrine of equivalents. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1374 (Fed. Cir. 2015), cert. granted, judgment vacated sub nom. *Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 577 U.S. 1099, 136 S. Ct. 893, 193 L. Ed. 2d 785 (2016), and opinion reinstated in part, 824 F.3d 1344 (Fed. Cir. 2016) ("a reasonable royalty compensates the owner not for the damage he suffered, but for the value of what was taken"). **UMN/Finch Position**: UMN/Finch allege, and will present evidence, that all asserted claims infringe both literally and under the doctrine of equivalents.  The parties evidently agree that all asserted claims should be included for doctrine of equivalents, as reflected in the table Ferring has proposed.

## II.  FINDINGS ON VALIDITY

**Question 6.** Did Ferring prove by clear and convincing evidence that any of the following Asserted Claims are invalid?

**Check "Yes" (for Ferring) or "No" (for Finch) for each claim.**

|  |  | YES | NO |
|---|---|---|---|
| '309 Patent | Claim 16 |  |  |
|  | Claim 21 |  |  |
| '080 Patent | Claim 2 |  |  |
|  | Claim 9 |  |  |
| '914 Patent | Claim 7 |  |  |

## III.  WILLFUL INFRINGEMENT[10]

**Answer Question 7 <u>only</u> if you selected "Yes" on any of the Asserted Claims in Questions 1, 3, 4, or 5, and "No" as to that Asserted Claim on Question 6.[11]**

**Question 7.** Do you find that Finch has proven by a preponderance of the evidence that the infringement by Ferring was willful?

**Check "Yes" (for Finch) or "No" (for Ferring).**

Yes_____      No_____

---

[10]  **UMN/Finch:** UMN/Finch object to where this question appears on its proposed verdict form. The question of willful infringement concerns findings of infringement, and as such, should follow immediately after the questions on infringement, rather than questions on validity. **Ferring:** Having the question of willfulness appear after the question of invalidity prevents the introduction of unnecessary prejudice. This sequence is also less confusing, as the jury should reach the question of willfulness only if they find the patents infringed and valid. .

[11]  **UMN/Finch:** The phrasing of this instruction is needlessly confusing. This instruction should be changed to read, "Answer Question 8 <u>only</u> if you find at least one Asserted Claim valid and infringed by Ferring." **Ferring:** UMN/Finch's construction is unclear as the jury may not understand what it means to "find at least one Asserted Claim valid." Referencing the prior questions clarifies the issue and is more likely to prevent inconsistent answers.

8

## IV.     DAMAGES

**Answer the following question only if you have found at least one Asserted Claim infringed AND not invalid; that is, you selected "Yes" on any of the Asserted Claims in Questions 1, 3, 4, or 5, and "No" as to that Asserted Claim on Question 6.**

**Question 8.**     What dollar amount, if any, do you determine to be a reasonable royalty to compensate Finch for any infringement by Ferring between the launch of Rebyota® and the date of trial? Please provide a total and the royalty rate used to calculate it. If you find that Finch is also entitled to an upfront payment, please list that separately.[12]

Reasonable royalty between launch of Rebyota and trial: $_____

Royalty rate: %_____

Upfront, if any: $_____

---

[12] **UMN/Finch:** Ferring's proposed damages instruction is confusing and likely to invite error. Moreover, Ferring's question improperly suggests that an "upfront payment," which is part of UMN/Finch's damages claim, is not part of a "reasonable royalty." *See* PTX-621.0006–0009; *see, e.g.*, *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 152 (D.R.I. 2009) ("If liability is found, the jury will decide whether the evidence supports a lump-sum or running royalty or some combination thereof"). The last two sentences of this question should be removed and there should be a single line for the jury to write in the dollar amount of damages. **Ferring:** Using a single line entry conflates the upfront payment and royalty rate and is likely to mislead the jury into considering only one over the other. Separating the damages question into three different inquiries is more likely to accurately represent the jury's decision.

## **FINAL PAGE OF JURY VERDICT FORM**

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Foreperson should then sign and date the verdict form in the spaces below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: August ___, 2024                          By: _____
                                                                              Foreperson