IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC.<br><br>Plaintiffs,<br><br>v.<br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC.<br><br>Defendants.<br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and REGENTS OF THE UNIVERSITY OF MINNESOTA<br><br>Counterclaim-Plaintiffs/Reply Defendants,<br><br>v.<br><br>FERRING PHARMACEUTICALS INC., and REBIOTIX, INC.<br><br>Counterclaim-Defendants/Reply Plaintiffs. | C.A. No. 21-1694-JLH |

**FERRING/REBIOTIX'S MOTION FOR CLARIFICATION OR RECONSIDERATION OF ONE ASPECT OF THE COURT'S DAUBERT ORDER, D.I. 421**

On July 23, 2024, the Court heard argument on Ferring/Rebiotix's Motion seeking to exclude Mr. Malackowski's opinions regarding his $50 million up-front "access fee" and his 30% reasonable royalty rate. (D.I. 257; Pretrial Conference Tr., 53:5-67:16.) On July 30, 2024, the Court denied the motion. (D.I. 421.) In that Order, the Court states: "Ferring acknowledged at oral argument that a hypothetical license can be an exclusive license." (D.I. 421 at 3-4, citing Tr.

59-62.) Ferring/Rebiotix respectfully seek clarification on whether the Court's reliance on this statement was determinative and, if so, respectfully seek reconsideration of the Court's Order.

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend previous rulings or to make findings of fact." *Calamos Asset Mgmt., Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. CV 18-1510 (MN), 2021 WL 4902450, at *1 (D. Del. Oct. 21, 2021) (citation removed) (cleaned up). In contrast, motions for reconsideration seek to alter a previous ruling and are granted sparingly. D. Del. LR 7.1.5; *Helios Software, LLC v. SpectorSoft Corp.*, No. CV 12-81-LPS, 2015 WL 3622399, at *1 (D. Del. June 5, 2015). Such motions may be granted if the Court has "patently misunderstood a party" or "made an error not of reasoning but of apprehension." *Id.*

During the pretrial conference, Ferring/Rebiotix respectfully asserted that they did not concede that a hypothetical license can be an exclusive license, instead arguing that an exclusive license can be considered during the analysis but must be discounted appropriately to reflect that the infringing use was nonexclusive. Specifically,

> THE COURT: "Can I ask you, is it or is it not your argument that it can be appropriate for an expert to opine that in the hypothetical negotiation the parties would have negotiated an exclusive license? That's okay, its just not here because of some other circumstances?
>
> MS. DURIE: "So not quite. I would say the parties in a hypothetical negotiation theory could have negotiated, I suppose, to, like, sell the Brooklyn Bridge. I mean, they could have negotiated for any one of a number of things. But that's not the question. The question isn't what other things might the parties have agreed to buy or sell. The question is what would the parties have agreed to specifically as a reasonable royalty for the infringing use. And here, the infringing use is nonexclusive. So that is the thing that has to be valued."

(Tr. at 61:4-20 (cleaned up).) To avoid doubt, and to prevent issues at trial, Ferring/Rebiotix respectfully request clarification on whether the Court's understanding of this issue was determinative. If it was determinative, as shown above, Ferring/Rebiotix did not make such a

concession and respectfully request that the Court amend its order "to prevent manifest injustice." *Jackson v. Nuvasive, Inc.*, No. 21-cv-53-RGA, 2024 WL 3534820, at *1 (D. Del. July 25, 2024).

Ferring/Rebiotix respectfully request that this motion be decided on the papers.

As required by D. Del. LR 7.1.1, Ferring/Rebiotix certify that they have met with counsel for Finch/UMN and Finch/UMN have indicated that they oppose the motion.

Dated: August 4, 2024

| *Of Counsel:* | */s/ Daniel M. Attaway* |
|---|---|
|  | Dana K. Severance (#4869) |
| Daralyn J. Durie | Daniel M. Attaway (#5130) |
| Matthew Chivvis | Zachary Murphy (#6881) |
| Rachel Dolphin | WOMBLE BOND DICKINSON (US) LLP |
| Ramsey Fisher | 1313 North Market Street, Suite 1200 |
| Clinton W. Ewell | Wilmington, DE 19801 |
| MORRISON & FOERSTER LLP | Telephone: (302) 252-4320 |
| 425 Market Street | Mary.Bourke@wbd-us.com |
| San Francisco, CA 94105-2482 | Dana.Severance@wbd-us.com |
| Telephone: 415-268-6055 | Daniel.Attaway@wbd-us.com |
| ddurie@mofo.com | Zachary.Murphy@wbd-us.com |
| mchivvis@mofo.com |  |
| rdolphin@mofo.com | John B. Bourke (#6534) |
| rfisher@mofo.com | WOMBLE BOND DICKINSON (US) LLP |
| cewell@mofo.com | 50 California Street, Suite 2750 |
|  | San Francisco, CA 94111 |
| Whitney O'Byrne | Telephone: (415) 765-6267 |
| Sara Doudar | Ben.Bourke@wbd-us.com |
| MORRISON & FOERSTER LLP |  |
| 701 Wilshire Boulevard | *Attorneys for Ferring Pharmaceuticals Inc.* |
| Los Angeles, CA 90017 | *and Rebiotix Inc.* |
| Telephone: 213-892-4345 |  |
| wobyrne@mofo.com |  |
| sdoudar@mofo.com |  |

Sarah E. Brickey
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
Telephone: (303) 592-2267
sbrickey@mofo.com