**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC. | ) ) ) ) ) C.A. No. 21-1694-JLH |
| Defendants. | ) ) |
| | ) |
| FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and THE REGENTS OF THE UNIVERSITY OF MINNESOTA | ) ) ) ) ) ) |
| Counterclaim-Plaintiffs/Reply Defendants, | ) ) |
| v. | ) ) |
| FERRING PHARMACEUTICALS INC., and REBIOTIX, INC. | ) ) ) |
| Counterclaim-Defendants/Reply Plaintiffs. | ) ) ) |

**<u>VERDICT FORM</u>**

In answering the following questions and completing this Verdict Form, you are to follow all the instructions I have given you in the Court's Final Jury Instructions. Your answers to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

1

As used herein, the following terms have the following meanings:

- "UMN/Finch" refer to the parties that are asserting infringement.
- "Ferring" refers to both Ferring and Rebiotix, the parties that are accused of infringement.
- The "'309 Patent" refers to U.S. Patent No. 10,675,309.
- The "'080 Patent" refers to U.S. Patent No. 11,541,080.
- The "'914 Patent" refers to U.S. Patent No. 10,251,914.
- The "Asserted Claims" refers collectively to:
    - Claims 16 and 21 of the '309 Patent;
    - Claims 2 and 9 of the '080 Patent;
    - Claim 7 of the '914 Patent;

## I.     FINDINGS OF INFRINGEMENT

**Question 1.** Do you find that UMN/Finch has proven by a preponderance of the evidence that Ferring literally infringed the following claims of the following patents?

**Check "Yes" (for UMN/Finch) or "No" (for Ferring) for each claim.**

| '914 Patent: Claim 7  | _____ Yes  _____ No |
|---|---|
| '309 Patent: Claim 16 | _____ Yes  _____ No |
| '309 Patent: Claim 21 | _____ Yes  _____ No |
| '080 Patent: Claim 2  | _____ Yes  _____ No |
| '080 Patent: Claim 9  | _____ Yes  _____ No |

**Question 2.** Do you find that UMN/Finch has proven by a preponderance of the evidence that Ferring infringed claim 7 of the '914 Patent under the doctrine of equivalents?

**Check "Yes" (for UMN/Finch) or "No" (for Ferring).**

___ Yes (for Finch/UMN)     ___ No (for Ferring)

## II. WILLFUL INFRINGEMENT

**Answer Question 3 <u>only</u> if you have found at least one Asserted Claim infringed by Ferring.**

**Question 3.** Do you find that UMN/Finch has proven by a preponderance of the evidence that any infringement by Ferring of the following patents was willful?

**Check "Yes" (for UMN/Finch) or "No" (for Ferring) for each patent.**

| '914 Patent | _____ Yes   _____ No |
|---|---|
| '309 Patent | _____ Yes   _____ No |
| '080 Patent | _____ Yes   _____ No |

### III. FINDINGS ON VALIDITY

**Question 4.** Do you find that Ferring has proven by clear and convincing evidence that the following claims of the following patents are invalid as obvious?

**Check "Yes" (for Ferring) or "No" (for UMN/Finch) for each claim.**

| | |
|---|---|
| **'309 Patent: Claim 16** | _____ Yes   _____ No |
| **'309 Patent: Claim 21** | _____ Yes   _____ No |
| **'080 Patent: Claim 2** | _____ Yes   _____ No |
| **'080 Patent: Claim 9** | _____ Yes   _____ No |

**Question 5.** Do you find that Ferring has proven by clear and convincing evidence that the following claims of the following patents are invalid for lack of written description?

**Check "Yes" (for Ferring) or "No" (for UMN/Finch) for each claim.**

| | |
|---|---|
| **'914 Patent: Claim 7** | _____ Yes   _____ No |

5

IV.   **DAMAGES**

[**UMN/Finch Position**:

**Answer the following questions only if you have found at least one Asserted Claim infringed AND not invalid.**[1]

**Question 5.**   What dollar amount do you determine to be a reasonable royalty to compensate UMN/Finch for Ferring's infringement, through the date of trial?

$ _____

[**Ferring's Position**:

**Answer the following questions only if you have found at least one Asserted Claim infringed AND not invalid.**[2]

**Question 5.**   What dollar amount, if any, do you determine to be a reasonable royalty to compensate Finch for any infringement through the date of trial? Please provide a

---

[1]   **Ferring**: Ferring objects to this question because it conflates the upfront payment and royalty rate and is likely to mislead the jury into considering only one over the other. The question is also confusing as the jury may not understand what it means for at least one Asserted Claim to be infringed and not invalid. Instead, the instruction should reference the previous questions. **UMN/Finch**: Ferring's objection improperly suggests that an "upfront payment," which is part of UMN/Finch's damages claim, is not part of a "reasonable royalty." *See* PTX-621.0006–0009; *see, e.g.*, *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 152 (D.R.I. 2009) ("If liability is found, the jury will decide whether the evidence supports a lump-sum or running royalty or some combination thereof"). Ferring's suggestion that the instruction reference the previous question numbers, rather than the substance of those questions (infringement and validity) is likely to be confusing for the jury.

[2]   **UMN/Finch**: Ferring's proposed damages instruction is confusing and likely to invite error. Moreover, Ferring's question improperly suggests that an "upfront payment," which is part of UMN/Finch's damages claim, is not part of a "reasonable royalty." *See* PTX-621.0006–0009; *see, e.g.*, *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 152 (D.R.I. 2009) ("If liability is found, the jury will decide whether the evidence supports a lump-sum or running royalty or some combination thereof"). The last two sentences of this question should be removed and there should be a single line for the jury to write in the dollar amount of damages. **Ferring:** Using a single line entry conflates the upfront payment and royalty rate and is likely to mislead the jury into considering only one over the other. Separating the damages question into three different inquiries is more likely to accurately represent the jury's decision.

        total and the royalty rate used to calculate it.  If you find that Finch is also entitled to an upfront payment, please list that separately.

Reasonable royalty between launch of Rebyota and trial: $_____

Royalty rate: %_____

Upfront, if any: $_____

**<u>FINAL PAGE OF JURY VERDICT FORM</u>**

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Foreperson should then sign and date the verdict form in the spaces below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: August ___, 2024              By: _____
                                            Foreperson