IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC. and REBIOTIX INC., <br><br>  Plaintiffs, <br><br> v. <br><br> FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC, <br><br>  Defendants. <br><br> FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and THE REGENTS OF THE UNIVERSITY OF MINNESOTA, <br><br>  Counterclaim Plaintiffs, <br> v. <br><br> FERRING PHARMACEUTICALS INC., and REBIOTIX, INC., <br><br>  Counterclaim Defendants. | C.A. No. 21-1694-JLH |

**JUDGMENT FOLLOWING JURY VERDICT**

This action was tried by a jury. The jury having deliberated on Finch Therapeutics Group, Inc., Finch Therapeutics, Inc., and Finch Therapeutics Holdings, LLC's (collectively, "Finch's") and the Regents of the University of Minnesota's ("UMN's") claims of patent infringement of U.S. Patent No. 10,215,914 (the "'914 patent"), U.S. Patent No. 10,675,309 (the "'309 patent"), and U.S. Patent No. 11,541,080 (the "'080 patent"), Ferring Pharmaceuticals Inc. and Rebiotix

Inc.'s (collectively, "Ferring's") claims for a declaratory judgment of noninfringement of the '914, '309, and '080 patents, and Ferring's claims for a declaratory judgment and affirmative defenses of invalidity of the '914, '309, and '080 patents, the jury having reached a verdict on August 9, 2024, finding (1) that UMN and Finch proved by a preponderance of the evidence that Ferring literally infringed claim 7 of the '914 patent, claims 16 and 21 of the '309 patent, and claims 2 and 9 of the '080 patent; (2) that UMN and Finch proved by a preponderance of the evidence that Ferring's infringement of each of the '914, '309, and '080 patents was willful; (3) that Ferring proved by clear and convincing evidence that claim 21 of the '309 patent and claim 9 of the '080 patent were invalid as obvious but that Ferring had not proved by clear and convincing evidence that claim 16 of the '309 patent or claim 2 of the '080 patent was invalid as obvious; (4) that Ferring had not proved by clear and convincing evidence that claim 7 of the '914 patent or claims 2 or 9 of the '080 patent was invalid for lack of written description; and (5) that UMN and Finch were entitled to a reasonable royalty comprising a running royalty of $815,061 and an upfront payment of $25 million to compensate UMN and Finch for Ferring's infringement through the date of trial;

IT IS ORDERED that judgment in the amount of $25,815,061 is entered in favor of Finch and UMN and against Ferring.

This judgment shall have the effect of denying as moot all other pending motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.  The judgment is subject to modification following the Court's consideration of the parties' post-trial motions and Ferring's pending Motion for Leave to Amend (D.I. 316).

The deadline for any party to move for costs and attorney's fees (including under 35 U.S.C. § 285) is extended to within fourteen days after the time for appeal has expired or within fourteen days after issuance of the mandate from the appellate court, and no party shall file any such motion before that time.

IT IS SO ORDERED this 15th day of August, 2024.

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge