## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., REBIOTIX INC.<br><br>Plaintiffs,<br><br>v.<br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., and FINCH THERAPEUTICS HOLDINGS, LLC.<br><br>Defendants.<br><br>FINCH THERAPEUTICS GROUP, INC., FINCH THERAPEUTICS, INC., FINCH THERAPEUTICS HOLDINGS, LLC, and REGENTS OF THE UNIVERSITY OF MINNESOTA<br><br>Counterclaim-Plaintiffs/Reply Defendants,<br><br>v.<br><br>FERRING PHARMACEUTICALS INC., and REBIOTIX, INC.<br><br>Counterclaim-Defendants/Reply Plaintiffs. | C.A. No. 21-1694-JLH |

## ~~[PROPOSED]~~ FINAL JUDGMENT

WHEREAS, on August 15, 2024, the Court entered judgment in favor of Finch Therapeutics Group, Inc., Finch Therapeutics, Inc., and Finch Therapeutics Holdings, LLC (collectively, "Finch") and the Regents of the University of Minnesota ("UMN") (collectively, "Finch/UMN") and against Ferring Pharmaceuticals Inc. and Rebiotix Inc. (collectively, "Ferring"

and collectively with Finch/UMN, the "Parties") in the amount of $25,815,061 (the "Judgment"), D.I. 488;

WHEREAS, on December 8, 2023 Ferring filed its Motions for Summary Judgment (D.I. 256) seeking, inter alia, summary judgment that the asserted claims of the '309 patent and '080 were invalid under 35 U.S.C. § 101 ("Ferring's 101 motion");

WHEREAS, before trial the Court resolved various motions for summary judgment, D.I. 421;

WHEREAS, the Court conducted a five-day jury trial in this case August 5-9, 2024;

WHEREAS, at trial, Finch/UMN asserted that Ferring's REBYOTA drug product infringed claims 16 and 21 of United States Patent Number 10,675,309 ("the '309 patent"), claims 2 and 9 of United States Patent Number 11,541,080 ("the '080 patent"), and claim 7 of United States Patent Number 10,251,914 ("the '914 patent") (collectively, the "asserted claims" of the "patents-in-suit");

WHEREAS, on August 9, 2024, the jury found that Finch/UMN had proved by a preponderance of the evidence that Ferring's REBYOTA drug product literally infringed the asserted claims of the asserted patents and that such infringement was willful;

WHEREAS, on August 9, 2024, the jury found that Ferring had proved by clear and convincing evidence that claim 21 of the '309 patent and claim 9 of the '080 patent were invalid as obvious and had not proved by clear and convincing evidence that claim 7 of the '914 patent, claim 2 of the '080 patent, or claim 9 of the '080 patent were invalid for lack of written description;

WHEREAS, on August 9, 2024, the jury awarded a running royalty of $815,061 through the date of trial and a $25,000,000 upfront payment;

WHEREAS, on August 13, 2024, Ferring filed Ferring/Rebiotix's Motion for

2

Reconsideration Regarding Summary Judgment of Patent Ineligibility Under 35 U.S.C. § 101 (D.I. 485);

WHEREAS, on August 15, 2024, the Court issued a Judgment Following Jury Verdict (D.I. 488);

WHEREAS, the Parties stipulated and the Court ordered a stay of execution of the Judgment pending any appeal in this case (D.I. 540, 542);

WHEREAS, the Parties filed post-trial briefing, specifically Finch/UMN's Post-Trial Motion for Enhanced Damages, Ongoing Royalty, and Pre- and Post-Judgment Interest Pursuant to Order on D.I. 490 (D.I. 496) and Ferring's Renewed Motion for Judgment as a Matter of Law (D.I. 497) (collectively, the "Post-Trial Motions");

WHEREAS, on March 6, 2025, the Court issued an Oral Order denying Ferring/Rebiotix's Motion for Reconsideration Regarding Summary Judgment of Patent Ineligibility Under 35 U.S.C. § 101 (D.I. 537);

WHEREAS, on June 10, 2026, the Court issued its Memorandum Opinion on the Post-Trial Motions (D.I. 550) and issued an Order (D.I. 551) denying Ferring's Motion and granting-in-part Finch/UMN's motion, and further ordered that the parties submit a joint proposed form of Final Judgment consistent with the Memorandum Opinion and Order;

Now therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment supersedes and replaces the August 15, 2024 Judgment Following Jury Verdict (D.I. 488);

2.      Judgment is entered in favor of Finch/UMN and against Ferring with respect to Finch/UMN's claim of literal infringement of the asserted claims of the patents-in-suit;

3.      Judgment is entered in favor of Finch/UMN and against Ferring with respect to

3

willful infringement of the asserted claims of the patents-in-suit;

4.      Judgment is entered in favor of Finch/UMN and against Ferring with respect to the obviousness of claim 16 of the '309 patent and claim 2 of the '080 patent;

5.      Judgment is entered in favor of Ferring and against Finch/UMN with respect to the obviousness of claim 21 of the '309 patent and claim 9 of the '080 patent;

6.      Judgment is entered in favor of Finch/UMN and against Ferring with respect to invalidity for lack of written description of claim 7 of the '914 patent and claims 2 and 9 of the '080 patent;

7.      Judgment is entered in favor of Finch/UMN and against Ferring with respect to invalidity for indefiniteness of the term "at least 6 different classes of bacteria selected from the group consisting of Actinobacteria, Bacteroidia, Bacilli, Clostridia, Erysipelotrichi, Alphaporoteobacteria, Betaproteobacteria, Gammaproteobacteria, Mollicutes, and Verrucomicrobiae" in claim 7 of the '914 patent;

8.      Judgment is entered in favor of Finch/UMN and against Ferring with respect to the patent eligibility under 35 U.S.C. § 101 of the asserted claims of the '309 and '080 patents;

9.      Judgment is entered in favor of Finch/UMN and against Ferring for an upfront royalty payment of $25,000,000 and an ongoing royalty payment of $815,061 for infringement through trial;

10.     Supplemental damages in the amount of $20,135 are awarded for sales of REBYOTA between August 6 and August 15, 2024, at a royalty rate of 5.5%;

11.     An ongoing royalty rate of 5.5% of net revenues on any sales of REBYOTA is awarded for any sales after August 15, 2024 until the last date of sale of that product, including for all product made prior to expiration of the last to expire of the patents-in-suit, or the expiration of

the last to expire of the patents-in-suit;

12.     Judgment is entered in favor of Ferring and against Finch/UMN regarding enhancement of damages;

13.     The Court awards Finch/UMN pre-judgment interest in the amount of $3,670,620.16 in prejudgment interest for a total of $29,505,816.72.

14.     Pursuant to 28 U.S.C. § 1961, the Court awards Finch/UMN post judgment interest at the rate of $3,597.28 per day applied to the total amount of damages and supplemental damages ($29,505,817) for the period from August 16, 2024 to the date of entry of this Final Judgment and applied to the total amount of damages, supplemental damages, and prejudgment interest for the period from the date of entry of this judgment until satisfaction of the judgment; and

15.     All other claims, counterclaims, and counterclaims in reply are dismissed with prejudice as moot.

IT IS STILL FURTHER ORDERED that the deadline for any party to move for costs and attorneys' fees (including under 35 U.S.C. § 285) is extended to within fourteen (14) days after the time for appeal has expired or within (14) days after issuance of the mandate from the appellate court on all appeals, and no party shall file any such motion before that time.

IT IS SO ORDERED this 2nd___ day of _____July_____, 2026.

The Honorable Jennifer L. Hall
United States District Judge

5